(99 South. 204)

No. 23951.

### CARMOUCHE v. YOUNG.

(Jan. 21, 1924.)

*(Syllabus by Editorial Staff.)*

Taxation ⬤809(2)—Petition by tax sale pur-chaser to be declared owner held insufficient to state cause of action because of misde-scription of property.

In a suit to be recognized as owner of a parcel of land, an amended petition alleging that plaintiff in the original petition had omit-ted to state that the property which was pur-chased at tax sale contained a *misdescription* in locating the property in range 1, instead of in range 2, but failing to allege the necessary additional facts which would make it possible to identify the property, *held* insufficient to state a cause of action.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by William J. Carmouche against John Young. From a judgment sustaining an exception of no cause of action, plaintiff ap-peals. Affirmed.

Harry P. Sneed, of New Orleans, for ap-pellant.

Chappuis & Chappuis, of Crowley, for ap-pellee.

By Division B, composed of Justices DAW-KINS, LAND, and LECHE.

DAWKINS, J. Plaintiff appeals from a judgment sustaining an exception of no cause of action. He sued to be recognized as owner of a parcel of land described in the petition as "The southeast quarter of the southeast

quarter of section nine (9), township seven, Louisiana meridian, containing forty and 61/100 (40.61) acres, more or less," and alleged that he had acquired the same at tax sale on June 25, 1917, for the delinquent taxes of 1916.

In an amended petition, plaintiff alleged:

"That in the original petition herein he omitted to state that the property involved in this suit, and which was purchased at tax sale as fully set forth in the original petition, contained a misdescription inasmuch as the property was described as located in range one (1) whereas, in reality, it is located in range two (2).

"That said error of description is trivial in character, and the deed when read as a whole contains a sufficient description to reasonably identify the property."

Defendant prayed for oyer of the tax deed, and, when produced, it contained the following description:

"40–6–100 acres in S. E. ¼ sec. 9 T. 7 1 west, * * * being property of Mary Ann Veilien, as per assessment roll of the state of Louisiana of the year 1916 under No. 2565."

Thereupon the exception was filed and sustained.

### Opinion.

This court has uniformly held that where property was sold for delinquent taxes, if it had been sufficiently described otherwise to permit identification, an error in description putting it in another section, township, range, etc., did not invalidate the assessment and sale. See Landry et al. v. McWilliams, 135 La. 655, 65 South. 875, and cases therein cited. But in those cases there were either other elements which made identity certain, or it was shown that the tax debtor owned no other property than that upon which the taxes were sought to be collected. However, in the present case, coming before us on an exception of no cause of action, we are confined to the allegations of the original and amended petition, and nowhere is it alleged that the tax debtor owned only this one piece of property; and not being alleged, it could not be proved upon objection, which we must assume, for the purposes of this decision, would be made. For aught that the petition discloses, Mary Ann Veilien might have owned property in both townships (ranges 1 and 2 west), or might have owned all of the S. E. ¼ of section 9; and, if so, who could say which "40 –1–60 acres" in that quarter section was conveyed?

The petition affirmatively alleged an error in the description, but did not allege the necessary additional facts, if such exist, which would make it possible to identify the property.

For the reasons assigned, the judgment appealed from is affirmed, with costs.